IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF UTAH

| In re:<br><br>VILIAMI MAUSA FAKA'OSIULA,<br><br>Petitioner. | MEMORANDUM DECISION AND ORDER DENYING PETITION TO CHANGE DATE OF BIRTH<br><br>CASE NO. 2:17-MC-964 TS<br>Judge Ted Stewart |
|---|---|

This matter is before the Court on Viliami Mausa Faka'osiula's ("Petitioner") Petition to Change Date of Birth. For the following reasons, the Court denies the Petition.

Petitioner is seeking an order to correct an alleged error in his date of birth found on his Certificate of Naturalization. This correction is needed in order for Petitioner to renew his passport since his Certificate of Naturalization lists his date of birth as January 24, 1951, and his birth registration shows his date of birth as January 21, 1951. Since the petition was filed on August 8, 2017, U.S. Citizenship and Immigration Services ("USCIS") has not responded.

8 U.S.C. § 1431(c) states:

> A Certificate of Citizenship or other Federal document issued or requested to be amended under this section shall reflect the child's name and date of birth as indicated on a State court order, birth certificate, certificate of foreign birth, certificate of birth abroad, or similar State vital records document issued by the child's State of residence in the United States after the child has been adopted or readopted in that State.

Additionally, USCIS' Policy Manual states:

> USCIS will issue a Certificate of Citizenship with the corrected DOB in cases where the applicant, or if the applicant is under age 18, the parent or legal guardian has obtained a state-issued document from the child's state of residence with a corrected DOB. A state-issued document includes a:
> •Court order;
> •Birth certificate;
> •Certificate recognizing the foreign birth;
> •Certificate of birth abroad; or

- Other similar state vital record issued by the child's state of residence.[1]

The plain language of the statute, supported by the guidelines in the USCIS policy manual, clearly states that the court order for changing the date of birth on a Naturalization Document must be from a state court in the applicant's state of residence. Previously, federal courts had jurisdiction to correct or modify naturalization documents under 8 U.S.C. § 1421, "[b]ut the predicate for their authority to correct or modify naturalization documents was eliminated by the removal of jurisdiction to enter naturalization judgments . . . ."[2] Therefore, the proper procedure for procuring the order sought by Petitioner would be to file this petition in a Utah District Court rather than a United States District Court.

It is therefore

ORDERED that Petitioner's Petition to Change Birth Date (Docket No. 1) is DENIED without prejudice.

DATED this 1st day of March, 2018.

BY THE COURT:

Judge Ted Stewart

---

[1] U.S. CITIZENSHIP AND IMMIGR. SERVS., POLICY MANUAL, vol. 12 part K ch. 2, www.uscis.gov/policymanual (current as of Aug. 23, 2017).

[2] *McKenzie v. U.S. Citizenship and Immigration Servs., Dist. Dir.*, 761 F.3d 1149, 1156 (10th Cir. 2014).